IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL MOORE, #255 389, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-62-MHT |
| | ) | |
| OFFICER BROOKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on January 27, 2015. At the time he filed this complaint, Plaintiff was incarcerated at the Easterling Correctional Facility in Clio, Alabama.

On March 6, 2015, the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint. The March 6 order also instructed Plaintiff to inform the court of any change in his address and cautioned him that his failure to comply with this requirement would result in a Recommendation that this case be dismissed. *See Doc. No. 8, ¶6(h)*.

On March 16, 2015, Plaintiff's copy of a Recommendation of the Magistrate Judge filed March 9, 2015, was returned to the court marked as undeliverable because Plaintiff is no longer at the service address provided upon the filing of the complaint. This is the last known address the court has on file for Plaintiff. Consequently, the court entered an order on March 17, 2015, directing Plaintiff to provide the court with his present address on or before March 27, 2015. *Doc. No. 12*. Plaintiff was cautioned that

his failure to comply with the court's March 17 order would result in a recommendation that this case be dismissed. *Id*. Plaintiff's copy of the court's March 17 order was returned to the court on March 23, 2015, marked as undeliverable.

As it appears clear that Plaintiff is no longer residing at the most recent address he provided to the court and that he has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 14, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 30th day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE